# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-965V
### Filed: April 30, 2019
UNPUBLISHED

KAREN QUINN,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 5, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 6, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 22, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injury. On April 29, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $115,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $115,000.00 in the form of a check payable to petitioner, Karen Quinn.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                        )
KAREN QUINN,                            )
                                        )
              Petitioner,               )
                                        )     No. 18-965V (**ECF**)
v.                                      )     Chief Special Master Dorsey
                                        )
SECRETARY OF HEALTH                     )
AND HUMAN SERVICES,                     )
                                        )
              Respondent.               )
_____)

### RESPONDENT'S PROFFER ON AWARD OF DAMAGES

On April 16, 2019, respondent, the Secretary of Health and Human Services, filed his

Rule 4(c) Report conceding entitlement to compensation in this matter.  On April 22, 2019, the

Court entered its Ruling on Entitlement, finding petitioner Karen Quinn entitled to Vaccine Act

compensation.  Respondent now proffers that petitioner receive a compensation award consisting

of a lump sum of **$115,000.00** in the form of a check payable to petitioner, Karen Quinn.[1]  This

amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-

15(a) to which petitioner is entitled.[2]

Petitioner agrees with the proffered award of $115,000.00.[3]

                               Respectfully submitted,

                               JOSEPH H. HUNT
                               Assistant Attorney General

---

[1]  Petitioner is a competent adult.  No guardianship is required.

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[3]  This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Voris E. Johnson, Jr.
VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-4136

Dated: April 29, 2019