# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-0965V**
**Filed: June 25, 2019**
UNPUBLISHED

|  |  |
|---|---|
| KAREN QUINN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jimmy A. Zgheib, Zgheib Sayad P.C., White Plains, NY, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 5, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 6, 2017. Petition at 1. On April 30, 2019, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. ECF No. 24.

On May 16, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 27. Petitioner requests attorneys' fees in the amount of $18,513.90 and attorneys' costs in the amount of $872.80. *Id.* at 1. In compliance with General Order #9,

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 38.  Thus, the total amount requested is $19,386.70.

On May 22, 2019, respondent filed a response to petitioner's motion.  ECF No. 28.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## II. Attorneys' Fees

### A. Hourly Rates

#### i. Jimmy A. Zgheib

Petitioner requests the following rates for attorney Jimmy A. Zgheib; $230 per hour for work performed in 2017, $238 per hour for work performed in 2018 and $243 per hour for work performed in 2019.  Mr. Zgheib has been previously awarded the rate of $225 per hour for time billed in 2017. *Swensen v. Sec'y of Health & Human Servs.,* No. 16-1535V, 2017 WL 7510694, (Fed. Cl. Spec. Mstr. September 21, 2017); Fowler *v. Sec'y of Health & Human Servs.,*No. 16-1538V, 2017 WL 7796351 (Fed. Cl, Spec. Mstr. November 30, 2017).[3]  The hourly rate will be reduced to the previously awarded rate, reducing the request for attorneys' fees in the amount of **$4.50**.  The undersigned finds the requested rates for 2018 and 2019 reasonable and awards them herein.

#### ii. AnnMarie Sayad

Petitioner requests the following rates for attorney AnnMarie Sayad; $230 per hour for work performed in 2017, $238 per hour for work performed in 2018 and $243 per hour for work performed in 2019.  Just as with Mr. Zgheib, Ms. Sayad has been previously awarded the rate of $225 per hour for time billed in 2017.  *Swensen v. Sec'y of Health & Human Servs.,* No. 16-1535V, 2017 WL 7510694, (Fed. Cl. Spec. Mstr. September 21, 2017); *Fowler v. Sec'y of Health & Human Servs.,* No. 16-1538V, 2017 WL 7796351 (Fed. Cl, Spec. Mstr. November 30, 2017).[4]  The hourly rate will be reduced to the previously awarded rate, reducing the request for attorneys' fees in the amount of **$24.50**.  The undersigned finds the requested rates for 2018 and 2019 reasonable and awards them herein.

#### iii. Additional Attorneys

Two additional attorneys, Jennifer Sayad and Joseph Sayad, billed for time on this case.  Jennifer Sayad has been a licensed attorney in New York State since 2011.  Petitioner requests the following rates for Ms. Sayad: $281 for work performed in 2017 and $291 for work performed in 2018.  Joseph Sayad has been a licensed attorney in New York State since 2013. Petitioner requests the following rates for Mr. Sayad: $230 for work performed in 2017 and $240 for work performed in 2018.  The attorneys at Zgheib Sayad, billed lower rates for tasks considered 'paralegal." The paralegal rates charged by the attorneys are $148 for tasks in 2017, $153 for tasks in 2018 and $156 for tasks in 2019.  The undersigned finds these requested rates reasonable and awards them herein.

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial

work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 3.5 hours was billed by the attorneys on tasks considered administrative including, mailing documents and paying invoices. Examples of these entries include:

- December 14, 2017 (0.20 hrs) "Ltr to client re: change of firm name"
- January 2, 2018 (0.20 hrs) "Payment for medical records from Illinois Bone & Joint"
- March 21 2018 (0.10 hrs) "Payment to CIOX for Presence Saint Joseph Medical Records"
- July 13, 2018 (0.20 hrs) "Payment to IBJI/Dr. Garelick for updated records"
- October 19, 2018 (0.10 hrs) "Payment to RRS obo IBJI for updated records"
- 

ECF No. 27 at 6, 9, 12 - 13. [5]

The undersigned reduces the request for attorney costs in the amount of **$196.90**,[6] the total amount of tasks considered administrative.

### III.   Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $872.90. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

---

[3] Jimmy Zgheib was awarded the rate of $225 per hour while working for another firm. Although he is now currently a partner in his own firm, the rate of $225 per hour is still his established rate for work performed in the Vaccine Program during 2017.

[4] AnnMarie Sayad was awarded the rate of $225 per hour while working for another firm. Although she is now currently a partner in her own firm, the rate of $225 per hour is still her established rate for work performed in the Vaccine Program during 2017.

[5] These are examples and not an exhaustive list.

[6] This amount consists of ($153 x .9 = $137.70) + ($148 x 0.40 hrs = $59.20) = $196.90.

**Accordingly, the undersigned awards the total of $19,160.80[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jimmy A. Zgheib.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.